UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS ALLAN, PAUL ALLAN and
AMELIA ALLAN

                     Plaintiffs,

v.                                           Civil Action No. _____

REDLINE RECOVERY SERVICES, LLC,       **JURY TRIAL DEMANDED**

                     Defendant.

---

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages resulting from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Dennis Allan is a natural person residing in the County of Wyoming and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Paul Allan, is a natural person residing in the County of Wyoming and the State of New York and is not obligated, or allegedly obligated to pay the subject debt. Plaintiff Paul Allan is Plaintiff Dennis Allan's father.

6. Plaintiff Amelia Allan is a natural person residing in the County of Wyoming and the State of New York and is not obligated, or allegedly obligated to pay the subject debt. Plaintiff Amelia Allan is Plaintiff Dennis Allan's mother.

7. Defendant, Redline Recovery Services, LLC, (hereinafter "Redline") is a foreign limited liability company organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. That Defendant regularly attempts to collect debts alleged to be due another.

9. That the acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. That all references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff Dennis Allan incurred a debt to Discover Financial Services. Said debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff Dennis Allan defaulted on the subject debt.

14. That Discover Financial Services employed Defendant Redline to attempt to collect the subject debt.

15. That Plaintiff Dennis Allan and his wife live in the rear portion of 147 Park Street, Arcade, New York. Plaintiffs Paul Allan and Amelia Allen live in the front portion of the same dwelling. The front and back portion of said dwelling are maintained as separate residences.

16. That Paul Allan and Amelia Allan have a different residential telephone number than Dennis Allan and his wife.

17. That beginning in December of 2007, Plaintiff Dennis Allan began receiving several telephone calls each day from Defendant.

18. That on or about December 19, 2007, an employee of Redline left a message on Plaintiffs Paul and Amelia Allan's telephone answering machine in which they stated they were calling for Dennis Allan, Dennis Paul Allan, or Paul Allan Dennis, and requested that "Mr. Allan" return their telephone call. Said employee also stated that that it was "very important that you contact me immediately", and did not disclose the name of his employer.

19. Immediately after hearing the foregoing telephone message, Amelia Allan advised Plaintiff Dennis Allan of said call.

20. That on or about December 20, 2007, Defendant again called, and this time spoke with, Plaintiff Amelia Allan. That during said telephone conversation, Defendant stated that it could "offer Dennis a new court settlement." That as of that time, no court proceeding had been instituted by Defendant regarding the subject debt. That as a result of Defendant's statement, Plaintiff Amelia Allan became extremely upset, feared that her son was in legal trouble and worried that her son might be sent to jail.

21. That on or about December 26, 2007, Defendant called and spoke with Plaintiff Paul Allan. That during said telephone conversation, Defendant asked Plaintiff Paul Allan whether he dialed the correct number "to get a hold of Dennis Allan." Plaintiff Paul Allan informed him that it was not. That Defendant then requested that Plaintiff Paul Allan leave a message for Plaintiff Dennis Allan. Plaintiff Paul Allan said that he would not comply with this request. Defendant then asked that Paul Allan provide them with Dennis Allan's telephone number. Paul Allan refused to provide said telephone number and hung up the telephone.

22. That immediately after the telephone conversation described in paragraph 21 herein, Defendant called Plaintiffs Paul and Amelia Allan's telephone number two times. On each occasion, Defendant hung up the telephone as soon as it became apparent that an answering machine would pick up the call, and did not leave a message. Immediately after thereafter, Defendant called Paul and Amelia Allan's telephone again. This time, Plaintiff Amelia Allan answered the telephone. Defendant first asked Amelia Allan to leave a message with Dennis Allan that Redline had called. Amelia Allan replied "No, my son is a grown man." Defendant then stated, "Why not: Dennis lives right behind you. Don't you want to know what your son is up to?" Amelia Allan then relented and said she would take leave a message with Dennis Allan that Redline had called for him. Defendant concluded the call by stating that Redline "better hear from Dennis or Dennis's lawyer by January 28th."

23. "I don't understand why your husband couldn't take a message [for Dennis]. Don't you want to know what your son is up to." Plaintiff Amelia Allan replied "because he's a grown man and this isn't our business." Defendant then stated "But don't you care what [Dennis] does? [He] lives right behind you doesn't [he]? Isn't it your house?" Plaintiff Amelia Allan refuted this statement and was thereafter told that "[Defendant] better hear from Dennis or Dennis' lawyer by January 28th."

24. That as a result of Defendant's actions, the Plaintiffs have become nervous, anxious, upset and have suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   a. Defendant violated 15 U.S.C. §§ 1692b, 1692b(1), 1692b(3) and 1692c(b) by failing to limit the subject of their conversations with Plaintiffs Paul and Amelia Allan to seeking to obtain location information for Plaintiff Dennis Allan, and by calling and speaking with Plaintiffs Paul and Amelia Allan on more than one occasion, as described in paragraphs 17, 18, 19 and 20 of this Complaint.

   b. Defendant violated 15 U.S.C. §§ 1692d and 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff Amelia Allan, as described in paragraphs 18 and 20 of this Complaint.

   c. Defendant violated 15 U.S.C. § 1692d(5) by continuously causing all of the Plaintiffs' telephones to ring and repeatedly engaging Plaintiffs Paul and Amelia Allan in telephone conversations with the intent to annoy, abuse and harass, as described in paragraphs 18, 19 and 20 of this Complaint.

   d. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) by falsely representing the character and legal status of the subject debt to Plaintiffs Paul and Amelia Allan, and by threatening to take action that was not intended to be taken, as described in paragraphs 18 and 20 of this Complaint.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, anxious, upset, and suffered from emotional distress.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## VI. JURY TRIAL DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Dated: February 5, 2008

                                                s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Law Office of Kenneth R. Hiller
*Attorneys for Plaintiffs*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

I affirm that the following statements are true and correct under penalties of perjury:

I am a Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: February 5, 2008

                                                s/Dennis Allan  
                                                Dennis Allan

                                                s/Paul Allan  
                                                Paul Allan

                                                s/Ameilia Allan  
                                                Amelia Allan